IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD JOHNSON,**

      **Plaintiff,**

      **v.**                                             **CASE NO. 22-3295-JWL-JPO**

**WYANDOTTE COUNTY**
**DISTRICT COURT,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this matter as a "Notice for Removal." Plaintiff purports to remove the civil action he filed in Wyandotte County District Court. *See Johnson v. Wyandotte County District Court*, Case No. 2022-CV-118, filed February 24, 2022, in the District Court of Wyandotte County, Kansas. The Court finds that it lacks jurisdiction and must remand this case to state court.

This is Plaintiff's second attempt to remove this civil action from the District Court of Wyandotte County, Kansas. Plaintiff filed a previous notice of removal in this Court. *See Johnson v. Wyandotte Cty. Dist. Court*, Case No. 22-3211. The Court remanded that case back to state court. The Court remands the instant case for the same reasons.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The statute provides for removal by "the defendant or the defendants," it does not provide for removal by a plaintiff or petitioner.

In *Montero v. Tulsa Airport Improvements*, the pro se plaintiff sued in state court and then purported to transfer or remove the case to federal court. *Montero v. Tulsa Airport Improvements*, 770 F. App'x 439 (10th Cir. 2019) (unpublished). The Tenth Circuit found that the district court lacked jurisdiction "because a plaintiff cannot . . . remove a case from state court to federal court under 28 U.S.C. § 1441." *Id*. at 440. "Section 1441 does permit removal of a case from state court to federal court. But a plaintiff . . . cannot remove the case." *Id*. (citing *see Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam) ("No section [of the U.S. Code] provides for removal by a plaintiff."); *see also* 14C Charles Alan Wright, et al*., Federal Practice and Procedure* § 3730, at 607 (2018) (stating that "plaintiffs cannot remove" cases to federal court)); *see also Sacramento Superior Court v. Downs*, 2019 WL 12381189, at *2 (C.D. Cal. 2019) ("a petitioner in a state court habeas petition has 'no power to remove his own case. Removal is available only to defendants.'") (citation omitted); *Wright v. Terry*, 2006 WL 3091363, at n.1 (S.D. Ga. 2006) ("a petition for state habeas corpus relief may not be removed from state court to a district court of the United States"); *Eagle v. Smith*, 2007 WL 201055, at *1 (E.D. Wis. 2007) (remanding where court does not have jurisdiction over state habeas petition).

**IT IS THEREFORE ORDERED BY THE COURT** that this case is **remanded** to the District Court of Wyandotte County, Kansas. The Court directs the Clerk of Court to take all necessary steps to effectuate this remand.

**IT IS SO ORDERED**.

**Dated November 23, 2022, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**